UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| A.C., et al.; | Case No.: 18-CV-2227-AJB-AGS |
|---|---|
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO STRIKE** <br> **(Doc. No. 11)** |
| v. | |
| Erica Cortez; Kate Jones; The County of San Diego, et al. | |
| Defendants. | |

Before the Court is Defendants' motion to strike a paragraph from the complaint. (Doc. No. 11.) Finding the paragraph violates the local rules and prior Court orders, the Court **GRANTS** the motion.

## I. BACKGROUND FACTS

Plaintiffs bring claims against the County and two attorneys, Jones and Cortez, for accessing juvenile files without prior judicial authorization during a prior case in which the defendant attorneys defended the county on allegations of child abuse by plaintiffs. Plaintiffs allege they had a constitutional right to privacy with respect to their files, and that Defendants violated those rights when they accessed them without getting permission. Plaintiffs bring a 42 U.S.C. § 1983 claim against Defendants and a *Monell* claim against the County.

## II. LEGAL STANDARDS

A court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Immaterial and impertinent matters are generally defined as allegations which have no bearing or relevance on the issues before the Court. *See In re 2TheMart.com, Inc. Securities Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). But, "[the] motion . . . should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation. If there is any doubt . . . the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (citations omitted). The court views the pleading in the light most favorable to the nonmoving party. *Id.*

## III. MOTION TO STRIKE

Defendants argue paragraph 20 of Plaintiffs' complaint must be stricken because it contains a statement allegedly made during an early neutral evaluation ("ENE"). (Doc. No. 11-1 at 1.) Defendants argue that under Southern District Local Rule 16.1(c)(1)(b), which states that an "ENE conference will be informal, off the record, privileged, and confidential" the allegation reveals such privileged information. Paragraph 20 states:

> On at least one occasion in, or around, June 19, 2018, County Counsel Kate Jones, in the presence of Defendant Erica Cortez, admitted that she had reviewed confidential and protected documents within the Juvenile Case Files pertaining to the Minor Plaintiffs and their family members in case number 3:17-cv-00815-MMA-JLB.

(Doc. No. 1 ¶ 20.)

While paragraph 20 does not explicitly reference an ENE, it does mention that opposing counsel admitted to something in a related case. What it fails to disclose is that the alleged admission was made "at a June 19, 2018 ENE Conference held in the *Williams* lawsuit." (Doc. No. 11-1 at 2.) Defendants assert "Plaintiffs cannot deny this fact because Magistrate Judge Burkhardt's Order memorializes that allegation made by Plaintiffs' mother ("Williams")." (*Id.*)

In Judge Burkhardt's order from that case, Judge strongly admonished Plaintiffs'

counsel for disclosing the confidential information and sanctioned them. (Case No. 17-cv-815-MMA-JLB, Doc. No. 49 at 11–12.) The order states, "[a]s previously recognized in this district, 'disclosure of information exchanged in the confidentiality of a Settlement Conference undermines the trust jurists of this Court have earned in the legal community and diminishes the integrity and effectiveness of the Settlement Conference process.' *Century Sur. Co. v. 350 W.A., LLC*, No. CIV. 05CV1548-LLSP, 2008 WL 1787491, at *3 (S.D. Cal. Apr. 16, 2008). As such, any unauthorized disclosure has served as a basis for sanctions against the violating attorney. *See id.*; *see also* CivLR 83.1(a)."

Plaintiffs argue that the complaint must be taken as true on its face, and thus should reject Defendants' attempts "to introduce proceedings and records from other cases for the truth of the matters asserted within the documents." (Doc. No. 21 at 8.) However, Plaintiffs cannot hide behind a shield of feigned ignorance by purposely leaving out contextual information to try and plead something that they very well know is privileged—and have been harshly reprimanded as such. Plaintiffs also argue that the admission is publicly available because it was referenced in Judge Burkhardt's order. However, this is plainly wrong. The statement was, is, and shall remain confidential.

## IV.  CONCLUSION

Based on the reasoning herein, the Court **GRANTS** the motion to strike. (Doc. No. 11.) The Court further **ORDERS** the Court Clerk to strike paragraph 20 by redacting that paragraph from the Complaint, (Doc. No. 1).

**IT IS SO ORDERED.**

Dated:  July 11, 2019

Hon. Anthony J. Battaglia
United States District Judge