# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

A.C., et al.;

Plaintiffs,

v.

Erica Cortez; Kate Jones; The County of San Diego, et al.

Defendants.

Case No.: 3:18-cv-2227-AJB-AGS

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**
**(Doc. No. 28)**

Before the Court is Defendants' motion to dismiss. (Doc. No. 28.) The core question in this case is whether the access of juvenile records by County Counsel, while acting in defense of its client, violates that juvenile's right to privacy and established privacy laws. This remains an underdeveloped area of federal law, although it raises interesting questions seemingly unanticipated by local ordinances. Nevertheless, the Court finds the debatable holding of one case does not establish a current constitutional right to privacy covering juvenile records. The Court also finds the issue, which Courts have wrangled with, was not clearly established when Defendants Cortez and Jones accessed Plaintiffs files. Thus, finding the individual Defendants have qualified immunity, and that Plaintiffs' *Monell* claim also fails, the Court **GRANTS** Defendants' motion to dismiss. (Doc. No. 28.)

1

## I. BACKGROUND FACTS

Plaintiffs bring claims against the County and two attorneys, Jones and Cortez, for accessing juvenile files without prior judicial authorization during a prior case in which the defendant attorneys defended the County on allegations of child abuse by Plaintiffs. Plaintiffs allege they had a constitutional right to privacy with respect to their files, and that Defendants violated those rights when they accessed them without getting permission. Plaintiff brings a 42 U.S.C. § 1983 claim against Defendants and a *Monell* claim against the County.

## II. LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[A] court may dismiss a complaint as a matter of law for (1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation and internal quotation marks omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true and drawing all reasonable inferences in favor of the nonmoving party. *See Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).

Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged . . . ." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## III. DISCUSSION

Defendants move to dismiss both Plaintiff's causes of action: (1)(a) violations under 42 U.S.C. § 1983 for invasion of privacy and (1)(b) unauthorized access and/or inspection of Plaintiff's records; and (2) *Monell* related claims. (Doc. No. 1.)

### A. Invasion of Privacy

Defendants maintain there is no federal right to privacy, thus no § 1983 claim can exist since the statute requires a constitutional deprivation. (Doc. No. 28-1 at 9.) Specifically, Defendants argue the complaint simply "fails to identify any specific constitutional right or federal statute underlying the section 1983 claim." (*Id.* at 10.) Defendants refute Plaintiffs' argument that a Ninth Circuit case established such a right. (*Id.*) Plaintiffs argue that *Gonzalez v. Spencer*, 336 F.3d 832, 834–35 (9th Cir. 2003) holds that "[a]n attorney representing a county agency in a civil rights lawsuit cannot inspect or access Juvenile Case Files or records in the course of that representation—without prior judicial authorization." (Doc. No. 18 at 9.) Indeed, it appears *Gonzalez* does hold as such.

Defendants counter with a district court case which holds that "the court in *Gonzalez* did not address the question of whether a federal right of privacy exists regarding juvenile records." *Rigsby v. County of LA*, CV 11-02766 SJO (PJWx), 2011 WL 3143544, at *3 (C.D. Cal. Aug. 2, 2011). The *Rigsby* Court determined that *Gonzalez* was relying on Plaintiff's allegations in that case and taking them as true. *Id.* The Court goes on hold that there is no right to privacy for juvenile records guaranteed by the Constitution. *Id.* Another district court case also asserts that *Gonzalez* did not establish the existence of a constitutional information privacy right. *Ismail v. Fulkerson*, No. SA CV 10-00901-VBF, 2014 WL 3962488, at *11 (C.D. Cal. Aug. 12, 2014). *Ismail* notes that *Gonzalez* did not refer to any other authority, outside of state law, in determining its conclusions. Indeed, *Gonzalez* only states that the attorney's actions violated state law, and do not specifically mention a violation of federal law.

Plaintiff argues that *Gonzalez* must have been discussing a privacy right under § 1983 because the Court also included a discussion of qualified immunity—which is a

common defense against § 1983 lawsuits. (Doc. No. 18 at 12.) The Court also analyzed whether the Defendant in *Gonzalez* acted under color of state law, a necessary element of § 1983. Finally, Plaintiff notes the Court's use of the word "also" in the *Gonzalez* opinion: "[b]ecause Spencer improperly obtained access to Gonzalez's juvenile court file, we need not reach the question whether Spencer's use of Gonzalez's file in depositions also violated his constitutional rights." (Doc. No. 18 at 11–12.)

Yet, despite Plaintiff's arguments, the Court finds *Gonzalez*'s analysis unpersuasive insofar as finding a federal right to privacy. Rather, the Court finds the analysis conducted in both *Ismail* and *Rigsby* compelling. While the supporting contention from *Gonzalez* was a conclusory statement, the analysis done by the Central District dig deeply into the Ninth Circuit's previous rulings on constitutional rights to privacy. *See Ismail*, 2014 WL 3962488, at *6–11. Only after *Ismail*'s discussion of prior Circuit precedents does the Court conclude that "*Gonzalez* does not discuss, analyze, or cite any United States Supreme Court or Ninth Circuit precedent regarding the constitutional right to informational privacy or federal privacy rights in general." *Ismail* undercuts *Gonzalez* further by finding "*Gonzalez* has very limited precedential value. . . ." *Id.* at *11.

Again, the Court finds the rationales provided in *Ismail* and *Rigsby* more persuasive then the seemingly conclusory statement found in *Gonzalez*. As such, the Court finds Plaintiff fails to state a legal cognizable theory for its privacy claim. The Court thus **DISMISSES** the claim.

### B. Qualified Immunity for Invasion of Privacy Claim

Defendants argue that the County attorneys Cortez and Jones have qualified immunity and thus should be dismissed from the case. (Doc. No. 28-1 at 22.) Defendants argue that if they did violate any constitutional right, it was not clearly established at the time of the alleged violation. (*Id.*) In considering qfualified immunity, the Court looks at (1) whether there was a constitutional deprivation, and (2) whether that right was clearly established at the time of the alleged misconduct. *S.B. v. Cnty of San Diego*, 864 F.3d 1010, 1013 (9th Cir. 2017).

Defendants make a notable point in arguing it was not clearly established when the attorneys accessed the files that "an attorney cannot review, without judicial consent, juvenile files maintained by his or her own client without violating the juvenile's constitutional right to information privacy." (Doc. No. 28-1 at 24.)

Plaintiffs retort that *Gonzalez* gave defendants enough warning to put them on notice that accessing the records would violate a juvenile's constitutional rights. (Doc. No. 18 at 22.) Defendants argue that the facts of *Gonzalez* are not "particularized" to the case at hand. (Doc. No. 28-1 at 24.) Further, Defendants state that the *Gonzalez* opinion is "a short *per curiam* opinion (with a lengthy dissent) involving a private attorney representing a defendant court in a lawsuit filed by a juvenile." (*Id.*) Here, the attorneys are not private attorneys, but work for county counsel and the records accessed were not just a part of a court file, but were "created and maintained by the County which was sued. . . ." (*Id.* at 25.) The Court agrees with Defendants. Finding, *supra*, that *Gonzalez* in unpersuasive, the Court finds it would not have put Defendants on notice that accessing the county's records—their client—would have violated Plaintiffs' constitutional rights.

Moreover, if Courts cannot agree on what *Gonzalez* definitively stands for, how could this Court state the law is clearly established such that it would put Cortez and Jones on notice of a constitutional violation? Thus, the Court finds that both prongs of qualified immunity are not met. First, Plaintiffs have not shown that there was a constitutional deprivation because it is unclear whether the access in and of itself by County Counsel was a violation. Second, the Court finds regardless of the answer to the first prong, it was not clearly established at the time County Counsel accessed the files that they were violating Plaintiff's constitutional rights. As such, the Court **GRANTS** qualified immunity to Cortez and Jones.

C. **Informational Privacy**

Although Plaintiff fails to explicitly plead this theory in the first part of their first cause of action, Defendants nevertheless note there could be an informational right to privacy claim in the complaint. (Doc. No. 28-1 at 12.) This right to informational privacy

is implied as existing by past Supreme Court precedent but has been explicitly adopted by the Ninth Circuit. (*Id.*) There are two branches to this type of privacy: the collection of information and the release of it to the public or another governmental agency. (*Id.* at 13.) Defendants argue that Plaintiffs are only concerned with the second branch but need not be as the information has not been released or otherwise disclosed. (*Id.*) Defendants assert that the attorneys in the case have only reviewed the information, thus, even if informational privacy were a constitutional right, and even if Plaintiffs had properly pleaded it, there was no violation here. (*Id.*)

Plaintiffs respond that access alone, as held in *Gonzalez*, is sufficient to state a constitutional violation and that disclosure is not necessary. (Doc. No. 18 at 15.) However, as the Court just held, the Court finds *Gonzalez* is an insufficient basis to state a constitutional violation.

The Ninth Circuit's balancing test to determine whether the government's right to infringe outweighs the individual's privacy interest includes: "(1) the type of information requested, (2) the potential for harm in any subsequent non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access, and (5) whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access." *Seaton v. Mayberg*, 310 F.3d 530, 538 n.47, 539 (9th Cir. 2010).

Weighing the factors in the balancing test, the Court finds overall the balance weighs in favor of the government. First, the exact type of information accessed is unclear from the complaint. Plaintiffs allege general violations, but mention that "medical, psychological, and/or psychiatric records" were accessed. (Doc. No. 1 ¶ 24.) This type of information enjoy the highest levels of privacy protection, especially considering the information concerns juveniles. Second, the potential for harm in non-consensual disclosure would be very high, again, considering the sensitive information the files contain and the fact that the information concerns juveniles. However, the Court notes in this case, the information was not used by Defendants or disclosed to any third parties, as it was in

other cases. Third, the Court in unaware of any safeguards in place by the County to prevent unauthorized disclosure. However, the Court recognizes that County Counsel has a duty, like all attorneys, to keep client's files confidential and assumes this duty encompasses information gleaned from juvenile's records as well. Fourth, the degree of need for access by County Counsel is high. The County argued in their motions and in oral argument that accessing these files is inextricably intertwined with their duty to counsel the County—their client. To adequately defend their client from civil litigation, they must be able to access these files. Beyond that, County Counsel must also access these files to competently advise their client on options both before litigation, and during. Combine these needs with the fact that the County acts in other capacities—such as acting as the guardian ad litem for juveniles when they are in the County's custody—County Counsel must be able to quickly pull files when necessary to protect their client. Fifth, as the Court is discussing throughout this order, there is no express statute or regulation forbidding County Counsel from accessing the records—as opposed to third parties.

On the last point, Plaintiff notes there are three local regulations which prevent County Counsel from looking at the records: California Welfare & Institutions Code § 827, Rule 5.552 of the California Rules of Court, and San Diego Local Rule 6.6.4. While those rules do prevent access without Court order, the laws presume the action is brought against the Health & Human Services Agency. For example, under Rule 6.6.4, County Counsel is given access to juvenile records without a Court order if they are representing HHSA in a civil action. The Rule does not contemplate County Counsel's representation of the County in a civil proceeding indirectly related to HHSA. Similarly, § 827 allows County Counsel to inspect records if they are "presenting the petitioning agency in a dependency action." None of the rules Plaintiff relies on specifically delineate the County's attorneys may not access records the County holds when defending its client in civil litigation.

Looking at the factors as a whole, the Court finds the need for the County to access the records outweighs Plaintiffs' rights to privacy in this case. Considering County Counsel's sincere belief it had permission to access, coupled with the fact that the

7

information was not deployed to any third-parties, but was solely used in-house to defend the County in litigation, the Court finds access was appropriate.

### D. Qualified Immunity for Informational Right to Privacy Claim

However, even if the balance had weighed against Defendants, Defendants assert that qualified immunity should also apply under the informational balancing test because the Ninth Circuit has held under a balancing test, the right can rarely be considered clearly established. (Doc. No. 28-1 at 27.) While the Ninth Circuit rejects a "per se rule" that a right determined by a multifactor balancing test can never be clearly established, the plaintiff must point to "existing case law [that] is so closely on point" to discharge her burden to show that the law was "so clearly established that [the defendant] could not reasonably have believed that her conduct was lawful." *Moran v. State of Wash.*, 147 F.3d 839, 847–48 (9th Cir. 1998) (internal quotation marks omitted).

Here, the only argument Plaintiffs proffer beyond *Gonzalez* is that a protective order provided by the juvenile dependency division stated the juvenile files are "subject to the confidentiality provisions and privileges of the law and the constitutional right to privacy." (Doc. No. 18 at 24.) However, the order does not seem to specify what the confidentiality provisions are, what the privileges of the law are, and what is the basis for the constitutional right to privacy. Further, even if those issues were clear, the order fails to discern whether County Counsel needed to get permission from the juvenile dependency division to access its own client's files. Nevertheless, Plaintiffs have not met the burden showing the law was so clearly established that no reasonable person in Jones's or Cortez's position could have believed their conduct was lawful.

Thus, on the facts established, the Court finds qualified immunity would apply to Defendants Cortez and Jones because Plaintiffs failed to establish case law closely on point and because the Court finds the right to privacy against County Counsel was not clearly established.

### E. Unauthorized Access of Plaintiff's Records

The second part of Plaintiff's first cause of action deals with unauthorized access.

Plaintiffs allege that County Counsel accessed Plaintiffs' records without prior judicial authorization, as required by local and state statute. (Doc. No. 1 ¶¶ 48–52.)

Defendants assert that the attorneys were entitled to review their own clients' records for litigation purposes. (Doc. No. 28-1 at 21.) Defendants point to this Court's prior decision that the attorneys were permitted to access the records "absent some showing that these defendants were abusing their privilege of access." (*Id.*) In this Court's previous order denying disqualification of county counsel, the Court held that it "cannot prevent County Counsel from accessing its own client's records." Defendants argue that again, without evidence of abuse, the Court's prior holding should be the same here.

Plaintiffs disagree that Defendants have "an absolute 'privilege of access' to juvenile records." (Doc. No. 18 at 15.)

Plaintiffs cite *Doe v. Cty. Of Santa Clara*, 2015 U.S. Dist. LEXIS 161170 (N.D. Cal. Nov. 30, 2015), in which County Counsel admitted it could not comply with discovery obligations because it could not access juvenile files, and the Court instructed County Counsel to petition the juvenile court for such access. (Doc. No. 18 at 16.) Plaintiffs argue the same procedure should be required here. Namely, that the attorneys should have been required to petition the juvenile court to obtain permission to access juvenile records. (*Id.*)

Yet in *Ismail*, the Court determined "[i]t is well-established that '[o]fficials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision.'" *Ismail*, 2014 3962488 (quoting *Davis*, 468 U.S. at 194 & n. 12). That is because a violation of a state or local ordinance does not necessitate a constitutional one. As *Ismail* noted, "[c]onclusory assertions about what [Defendants] should have known and should have done . . . are insufficient." *Id.* Plaintiffs have still not shown a constitutional right to privacy or overcome qualified immunity. Defendants' alleged unauthorized access to Plaintiffs' files was not a clearly established constitutional violation. Furthermore, Defendants' alleged violations of state or local statutes are causes of action—standing on their own—before this Court.

### F. *Monell* Related Claims

Defendants also move to dismiss Plaintiffs' *Monell* claim. (Doc. No. 28-1 at 30.) Defendants argue without the attorneys' liability under § 1983, there can be no *Monell* claim. Defendants also assert that the complaint fails to include any non-conclusory allegations showing the County had a custom of allowing county counsel to access juvenile files without prior authorization. (*Id.*)

In the complaint, Plaintiffs base their *Monell* theory on Cortez's statements made during the disqualification motion hearing. (Doc. No. 1 ¶ 58.) Plaintiffs then conclusively state thereafter that the County has a custom and policy of allowing such actions. (*Id.* ¶¶ 57, 58, 59, 60, 61.) Plaintiffs also list 16 other juvenile cases and state on information and belief that in those cases juvenile files were accessed without authorization. (*Id.* ¶¶ 63–64.)

A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978). To establish the City is liable under *Monell*, Plaintiffs must prove: "(1) that [they] possessed a constitutional right of which [they were] deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to [their] constitutional right[s]; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (quoting *Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)).

Here, Plaintiffs, as discussed throughout, cannot show a constitutional right to privacy of which they were deprived. Thus, they cannot meet the threshold burden of a *Monell* claim. While the Court agrees County Counsel has a policy of accessing their client's files—which include juvenile records—the Court previously held there is no constitutional right to privacy in a juvenile's records under *Gonzalez*. *See supra*, pp. 3–4. Until the law of the Circuit is clear, Plaintiffs cannot thus state a *Monell* claim.

10

18-cv-2227-AJB-KSC

## IV. CONCLUSION

Based on the reasoning stated herein, the Court **GRANTS** Defendants' motion to dismiss. (Doc. No. 28.) The Court simply cannot find a constitutional violation under current precedence. Plaintiffs' cornerstone case, of which their arguments rests, does not establish a brightline rule. Accordingly, the Court dismisses the individual claims as well as the *Monell* claim. Furthermore, the Courts finds amendment would be futile as the crux of Plaintiffs' legal theory cannot bear weight. The Court **DIRECTS** the Court Clerk to close the case.

**IT IS SO ORDERED.**

Dated: July 23, 2019

Hon. Anthony J. Battaglia
United States District Judge